UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
WISTRON NEWEB CORPORATION;

           Plaintiff,           Case No.
   v.                                       22-cv-02538-LJL

GENESIS NETWORKS TELECOM SERVICES, LLC    ECF Case
and GNET ATC, LLC;
           Defendants.
-----------------------------------------------------------------------x

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT GNET ATC, LLC TO THE AMENDED COMPLAINT

Defendant GNET ATC, LLC ("GNET"), by its attorneys, The Law Office of Theodore Geiger, PLLC, for its answer and affirmative defenses to the Amended Complaint [ECF No. 39] of Plaintiff Wistron NeWeb Corporation ("Plaintiff" or "WNC") respectfully states as follows:

### NATURE OF THE ACTION

1. GNET denies each and every allegation not specifically admitted to herein.

2. Paragraph 1 purports to state legal conclusions to which no response is required. To the extent a response is required, GNET refers to the document referenced therein for a complete and accurate description of its terms and otherwise denies the allegations therein.

3. GNET admits that the Distributor Agreement was assigned to it, that Plaintiff made demands for payment, that it informed Plaintiff that the outstanding amount of $9,212,256.94 is consistent with GNET's accounts payable records. To the extent that Paragraph 2 purports to state legal conclusions about GNET's financial condition or to summarize negotiations to resolve a contested claim, no response is required. GNET denies the remaining allegations of Paragraph 2

1

4. GNET admits that it received an assignment of the Distributor Agreement, and otherwise denies the allegations in Paragraph 3.

5. Paragraph 4 purports to state legal conclusions to which no response is required.

6. Paragraph 5 purports to state legal conclusions to which no response is required. To the extent a response is required, GNET admits that it is the assignee of the Distributor Agreement and otherwise denies the allegations of Paragraph 5.

7. GNET does not have knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 6 and therefore denies same.

8. GNET admits the allegations in Paragraph 7.

9. GNET admits that it is a limited liability company formed in Texas on or about August 14, 2019 and that it is the assignee of the Distributor Agreement from Genesis. GNET otherwise denies the allegations in Paragraph 8.

10. GNET admits that Goodman Inc. is the parent company and sole owner of GNET. GNET further admits that James Goodman holds an ownership interest in Genesis and holds an ownership interest in Goodman Networks, and through other entities, along with approximately 250 other common and preferred Goodman Networks shareholders, and that Goodman Inc. purchased substantially all the assets of Genesis, including the Distributor Agreement. GNET further avers that under the Asset Purchase Agreement governing this transaction, the assets acquired by Goodman Inc. were transferred to GNET, which assumed same. GNET otherwise denies the allegations in Paragraph 9.

11. Paragraph 10 purports to state legal conclusions to which no response is required.

12. Paragraph 11 purports to state legal conclusions to which no response is required.

13. Paragraph 12 purports to state legal conclusions to which no response is required.

14. Paragraph 13 purports to state legal conclusions to which no response is required.

15. GNET does not have knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 14 and therefore denies same.

16. GNET does not have knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 and therefore denies same.

17. GNET does not have knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 and therefore denies same.

18. GNET does not have knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17 and therefore denies same.

19. GNET does not have knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 18 and therefore denies same.

20. GNET admits that, following the assignment of the Distributor Agreement to GNET, Plaintiff fulfilled purchase orders for its products, and shipped and invoiced products in response to specific purchase orders it received, in accordance with Sections 6 and 7 of the Distributor Agreement. GNET denies the remaining allegations in Paragraph 19, denied.

21. GNET does not have knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 20 and therefore denies same.

22. GNET does not have knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 21 and therefore denies same.

23. GNET does not have knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 22 and therefore denies same.

24. Paragraph 23 purports to state legal conclusions to which no response is required. To the extent a response is required, GNET refers to the Distributor Agreement for a complete and accurate description of its terms and otherwise denies the allegations in Paragraph 23.

25. GNET does not have knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 24 and therefore denies same.

26. Paragraph 25 purports to state legal conclusions to which no response is required. To the extent a response is required, GNET refers to the Distributor Agreement for a complete and accurate description of its terms and otherwise denies the allegations in Paragraph 25.

27. Paragraph 26 purports to state legal conclusions to which no response is required. To the extent a response is required, GNET refers to the Distributor Agreement for a complete and accurate description of its terms and otherwise denies the allegations in Paragraph 26.

28. GNET admits that Mr. Seago wrote an email containing the language quoted in Paragraph 27, avers that this language is part of a broader email chain and refers to that email chain for a complete and accurate description of its contents.

29. GNET admits that the Assignment Agreement was attached to the email chain referred to in Paragraph 28, refers to the Assigment Agreement for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 28.

30. GNET does not have knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 29 and therefore denies same.

31. GNET refers to the email chain referenced in Paragraph 30 for a complete and accurate description of its terms, and otherwise denies the allegations in Paragraph 30.

32. GNET refers to the email chain referenced in Paragraph 31 for a complete and accurate description of its terms, and otherwise denies the allegations in Paragraph 31.

33. GNET refers to the email chain referenced in Paragraph 32 for a complete and accurate description of its terms, and otherwise denies the allegations in Paragraph 32.

34. GNET admits that WNC requested information from Seago, and otherwise does not have knowledge or information sufficient to form a belief about the truth of the remaining allegations

set forth in Paragraph 33 and therefore denies same.

35. GNET admits that Seago responded to Plaintiff on September 23rd, refers to the email chain and attachments referenced in Paragraph 34 for a complete and accurate description of their terms and otherwise denies the allegations in Paragraph 34.

36. GNET does not have knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 35 and therefore denies same.

37. GNET denies the allegations set forth in Paragraph 36.

38. Paragraph 37 purports to state legal conclusions to which no response is required.

39. GNET avers that Genesis performed certain services on behalf of itself pursuant to the Transaction Services Agreement, dated September 14, 2019, under which which Genesis provided certain services with respect to Goodman Network's and/or GNET's ownership of the Distributor Agreement and other assets so that ownership, operation, and maintenance of the assets were smoothly Transitioned, and otherwise denies the allegations in Paragraph 38.

40. GNET admits that it did not make payments on the invoices after September 17, 2021.

41. GNET refers to the email referenced in Paragraph 40 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 40.

42. GNET refers to the email referenced in Paragraph 41 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 41.

43. GNET refers to the email referenced in Paragraph 42 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 42.

44. GNET refers to the email referenced in Paragraph 43 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 43.

45. GNET refers to the email referenced in Paragraph 44 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 44.

46. GNET refers to the email referenced in Paragraph 45 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 45.

47. GNET admits the allegations set forth in Paragraph 46.

48. GNET refers to the email referenced in Paragraph 47 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 47.

49. GNET refers to the demand letter referenced in Paragraph 48 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 48.

50. GNET refers to the email referenced in Paragraph 49 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 49.

51. GNET admits that it received emails from Plaintiff seeking payment, refers to those emails for complete and accurate descriptions of their contents, and otherwise denies the allegations in Paragraph 50.

52. GNET refers to the email referenced in Paragraph 51 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 51.

53. GNET refers to the demand letter and invoices referred to in Paragraph 52 for complete and accurate descriptions of their contents, and otherwise denies the allegations in Paragraph 52.

54. GNET refers to the documents referred to in Paragraph 53 for complete and accurate descriptions of their contents, and otherwise denies the allegations in Paragraph 53.

55. GNET refers to the email referenced in Paragraph 54 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 54.

56. GNET refers to the email referenced in Paragraph 55 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 55.

57. GNET denies the allegations in Paragraph 56.

58. GNET refers to the email referenced in Paragraph 57 for a complete and accurate

description of its contents, and otherwise denies the allegations in Paragraph 57.

59. GNET refers to the email referenced in Paragraph 58 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 58.

60. GNET refers to the email referenced in Paragraph 59 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 59.

61. GNET refers to the email referenced in Paragraph 60 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 60.

62. GNET refers to the email referenced in Paragraph 61 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 61.

63. GNET refers to the email referenced in Paragraph 62 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 62.

64. GNET refers to the email referenced in Paragraph 63 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 63.

65. GNET refers to the email referenced in Paragraph 64 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 64.

66. GNET refers to the email referenced in Paragraph 65 for a complete and accurate description of its contents, and otherwise denies the allegations in Paragraph 65.

67. GNET does not have knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 66 and therefore denies same.

68. GNET does not have knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 67 to the extent they are directed at other parties and therefore denies same. To the extent the allegations of Paragraph 67 are directed at GNET, they are denied.

69. GNET admits that it has not paid the $9,212,256.94 demanded by Plaintiff and

otherwise denies the allegations in Paragraph 68.

70. GNET repeats and reasserts its responses to paragraphs 1-68 as if fully set forth herein.

71. Paragraph 70 contains allegations directed solely towards other parties, therefore no response is required.

72. Paragraph 71 contains allegations directed solely towards other parties, therefore no response is required.

73. Paragraph 72 contains allegations directed solely towards other parties, therefore no response is required.

74. Paragraph 73 contains allegations directed solely towards other parties, therefore no response is required.

75. Paragraph 74 contains allegations directed solely towards other parties, therefore no response is required.

76. Paragraph 75 contains allegations directed solely towards other parties, therefore no response is required.

77. Paragraph 76 contains allegations directed solely towards other parties, therefore no response is required.

78. GNET repeats and reasserts its responses to paragraphs 1-76 as if fully set forth herein.

79. Paragraph 78 purports to state legal conclusions, therefore no response is required.

80. GNET admits that it is the assignee of the Distributor Agreement and avers that Paragraph 79 otherwise purports to state legal conclusions, to which no response is required.

81. Paragraph 80 purports to state legal conclusions, therefore no response is required.

82. Paragraph 81 purports to state legal conclusions, therefore no response is required.

83. GNET repeats and reasserts its responses to paragraphs 1-81 as if fully set forth herein.

84. GNET does not have knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 83, as they are vague and unintelligible, and therefore denies same.

85. GNET refers to the invoices for a complete and accurate description of their contents and otherwise denies the allegations of Paragraph 84.

86. GNET admits that the amount due under the invoices is $9,212,256.94, and otherwise denies the allegations of Paragraph 85.

87. GNET admits the allegations of Paragraph 86.

88. GNET admits that the payment terms were consistent with the Distributor Agreement, and otherwise does not have knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 87 insofar as they concern the knowledge of parties other than GNET, and therefore denies same.

89. GNET admits that it has not paid the $9,212,256.94 demanded by Plaintiff.  Otherwise, Paragraph 88 purports to state legal conclusions, therefore no response is required.

90. GNET does not have knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 89 insofar as they concern conduct prior to GNET's being assigned and assuming the Distributor Agreement, and therefore denies same.

91. GNET admits the allegations of Paragraph 90.

92. GNET admits the allegations of Paragraph 91.

93. GNET admits the allegations of Paragraph 92.

94. GNET admits the allegations of Paragraph 93 insofar as they concern its own

knowledge. However, GNET does not have knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 93 insofar as they concern the knowledge of other parties, and therefore denies same.

95. GNET admits the allegations of Paragraph 94 insofar as they concern itself, and otherwise denies the truth of the allegations set forth in Paragraph 94.

96. GNET admits the allegations of Paragraph 95 insofar as they concern itself, and otherwise denies the truth of the allegations set forth in Paragraph 95.

97. GNET admits the allegations of Paragraph 96.

98. Paragraph 98 purports to state legal conclusions, to which no response is required.

99. Paragraph 98 purports to state legal conclusions, to which no response is required.

## AFFIRMATIVE DEFENSES

GNET asserts the following affirmative defenses and reserves the right to amend this Answer to assert any additional defenses when and if, in the course of its investigation, discovery, or preparation for trial, it becomes appropriate to assert such affirmative defenses.  In asserting these defenses, GNET does not assume the burden of proof for any issue that would otherwise rest on Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff fails to state a claim against GNET upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims against GNET are barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims against GNET are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims against GNET are barred by the doctrine of election of remedies.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims against GNET are barred by its failure to provide notice, or its improper notice, of the alleged breach.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims against GNET are barred by the doctrine of unjust enrichment.

### SEVENTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims against GNET are barred by its failure to mitigate

WHEREFORE Defendant GNET ATC, LLC requests that the Court enter judgment in its favor on all Plaintiff's claims, along with an award of attorney's fees and costs, and such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        December 1, 2022

**THE LAW OFFICE OF THEODORE GEIGER, PLLC**

By:  */s/ Theodore S. Geiger*
         Theodore S. Geiger (TG-1977)

477 Madison Avenue, 6th Floor
New York, New York 10022
(212) 804-8617

*Counsel for GNET ATC, LLC*