UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
WISTRON NEWEB CORPORATION, :
:
Plaintiff, :
:                    22-cv-2538 (LJL)
-v- :
:                    OPINION AND ORDER
GENESIS NETWORKS TELECOM SERVICES, LLC :
and GNET ATC, LLC, :
:
Defendants. :
:
-----------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Wistron Neweb Corporation ("Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 56, for an order granting it summary judgment against Defendants Genesis Networks Telecom Services, LLC ("Genesis") and GNET ATC, LLC ("GNET" and, with Genesis, "Defendants") on its claim for contractual interest and awarding it contractual interest of $3,144,951.12 for a total award amount, including damages of $9,212,256.94 and attorneys' fees and costs of $599,505.90, of $12,956,713.97 up to August 29, 2023. Dkt. Nos. 117–18. Plaintiff also seeks additional interest accruing on the unpaid invoices at issue in this litigation ("Unpaid Invoices") at the daily rate of $4,543.03 from the August 29, 2023 date of its summary judgment motion through the date of entry of final judgment. Dkt. No. 118 at ECF p. 2. Genesis has filed a limited objection to the motion, solely on the basis that it has appealed the Court's prior opinion and order granting Plaintiff summary judgment on its claims against Genesis. Dkt. No. 122. It does not object to any of the facts stated in Plaintiff's Rule 56.1 Statement and, accordingly, those facts are taken as true for purposes of this motion. *See Rhee v. SHVMS, LLC*, 2023 WL 3319532, at *4 (S.D.N.Y. May 8, 2023). Plaintiff filed a reply in support of its motion for summary judgment on September 12, 2023. Dkt. No. 123.

Familiarity with the Court's prior opinions and orders in this case is presumed. On July 12, 2023, the Court issued an Opinion and Order granting Plaintiff summary judgment on issues of liability and awarding Plaintiff damages in the amount of $9,212,256.94 against Defendants jointly and severally. Dkt. No. 102 at 50. The Court denied Plaintiff's motion to the extent Plaintiff sought an award of interest and attorneys' fees without prejudice because those issues were not addressed by the parties. *Id.* at 1 n.1, 50. On August 14, 2023, the Court issued a Memorandum and Order that granted Plaintiff's motion for attorneys' fees and costs in the amount of $599,505.90 jointly and severally against Defendants but denied Plaintiff's motion to the extent it sought contractual interest, without prejudice to renewal. Dkt. No. 116 at 23. As relevant here, the Court held that Plaintiff was entitled to prejudgment interest for the Unpaid Invoices at the annual rate of 18% set by the Distributor Agreement, the contract at issue in this case, to run 90 days after title transfer of the products. *Id.* at 7–9. However, the Court noted that, while Plaintiff supplied the dates of the Unpaid Invoices, its Rule 56.1 Statement did not contain any information about the date of title transfer and was silent as to the relationship between the date of the Unpaid Invoices and the date of title transfer. *Id.* at 9. Accordingly, the Court could not determine the date from which contractual interest began to run. *Id.*

Plaintiff has now closed that gap from its prior motion. The Distributor Agreement sets forth two different triggers for title transfer. In the event that a Vendor Management Inventory ("VMI") process is in place between the parties, "[title] to the VMI Products in the Consignment Stock will transfer from WNC to Distributor at the time that such items are removed from Consignment Stock by Distributor." Dkt. No. 119 ¶ 16. In the alternative event that a VMI process is not in place, "[t]itle to the Products shall pass at the FOB [Freight on Board] Destination point." *Id.* ¶ 17. WNC and Genesis utilized the VMI process set forth in the

Distributor Agreement.  *Id.* ¶ 18.  According to that process, "[t]itle to the VMI Products in the Consignment Stock" transferred as soon as Genesis consumed products from its warehouse.  *Id.* ¶ 19.  Genesis consumed products from the warehouse when it removed them from the warehouse; upon it doing so, the EDI system sent a transfer notification to Plaintiff and Plaintiff in turn generated an invoice.  *Id.* ¶ 20.  All of these events occurred on the same day.  *Id.*  Thus, it is undisputed that the issue date of each of the Unpaid Invoices also reflects the date that title transferred from Plaintiff to Genesis.  *Id.* ¶ 21.

      Plaintiff is entitled to contractual prejudgment interest at an annual rate of 18% running from the date that is 90 days after the date of each of the Unpaid Invoices.  *Id.* ¶ 23.  There are twenty-two Unpaid Invoices.  *Id.* ¶ 14.  Four are dated June 22, 2021; six are dated June 29, 2021; one is dated July 6, 2021; one is dated July 8, 2021; five are dated July 14, 2021; and one is dated each of July 21, 2021, July 28, 2021, August 11, 2021, August 13, 2021, and August 14, 2021.  *Id.*  Thus, Plaintiff is entitled to contractual prejudgment interest as of August 29, 2023 of $3,144,951.12.  *Id.* ¶ 25.  The daily amount of interest that will continue to accrue on the awarded damages until the date of entry of judgment is $4,543.03.  *Id.* ¶ 26.

      Genesis's sole objection is that it has appealed this Court's July 12, 2023 Opinion and Order and, if Genesis prevails on appeal, "there will be no basis for a potential award of interest against [Defendant.]"  Dkt. No. 122 at 1.  But "no party has ever requested a stay of the Court's order pending appeal."  *Yanez Osuna v. Citigroup Inc.*, 2019 WL 10945120, at *1 (S.D.N.Y. Dec. 6, 2019) (Sullivan, J., sitting by designation).  And, absent a stay, "a district court retains jurisdiction to decide the issue of attorneys' fees and other collateral matters notwithstanding a pending appeal."  *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 2004 WL 856329, at *1 (S.D.N.Y. Apr. 20, 2004).

Plaintiff's motion for summary judgment is therefore granted and the Clerk of Court is directed to prepare a judgment awarding Plaintiff $12,956,713.97 (comprised of damages of $9,212,256.95 and attorneys' fees and costs of $599,505.90 and $3,144,951.12) plus additional prejudgment contractual interest of $4,543.03 from August 29, 2023 until the date that judgment is entered.

The Clerk is further respectfully directed to close the motion at Dkt. No. 117.

SO ORDERED.

Dated: September 13, 2023
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge