```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
WISTRON NEWEB CORPORATION,                                       :
                                                                 :
                        Plaintiff,                               :
                                                                 :           22-cv-2538 (LJL)
                -v-                                              :
                                                                 :           MEMORANDUM AND
GENESIS NETWORKS TELECOM SERVICES, LLC                           :           ORDER
and GNET ATC, LLC,                                               :
                                                                 :
                        Defendants.                              :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/30/2024

LEWIS J. LIMAN, United States District Judge:

Plaintiff/Judgment Creditor Wistron NeWeb Corporation ("Plaintiff") moves to compel Defendant/Judgment Debtor Genesis Networks Telecom Services, LLC ("Defendant") to respond to Plaintiff's post-judgment subpoena duces tecum (the "Subpoena") dated October 24, 2023, and served on October 30, 2023. Dkt. No. 128.

Judgment was entered in this case on September 13, 2023, in the amount of $13,029,402.45 against Defendant and in favor of Plaintiff. Dkt. No. 125. Defendant filed a notice of appeal on October 9, 2023, Dkt. No. 127, but the Second Circuit dismissed Defendant's appeal due to its failure to retain counsel, *see* Dkt. No. 135. Defendant has neither moved for a stay nor posted a bond. The Subpoena was served pursuant to Federal Rule of Civil Procedure 69(a) and New York Civil Practice Law and Rules 5223 and 5224 and calls for information and documents regarding Defendant's assets and liabilities. Dkt. No. 128-4. Defendant has not responded to the Subpoena. Dkt. No. 128 at 2–3.

"As a general rule, once a federal court has entered judgment, it has ancillary jurisdiction over subsequent proceedings necessary to 'vindicate its authority, and effectuate its decrees.'"

*Dulce v. Dulce*, 233 F.3d 143, 146 (2d Cir. 2000) (quoting *Peacock v. Thomas*, 516 U.S. 349, 354 (1996)).  Federal Rule of Civil Procedure 69(a)(2) provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2).  The New York Civil Practice Law and Rules provides that a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment."  N.Y. C.P.L.R. 5223; *see* David D. Siegel, *New York Practice* § 509 (5th ed. 2011) (describing N.Y. C.P.L.R. 5223 as "a broad criterion authorizing investigation through any person shown to have any light to shed on the subject of the judgment debtor's assets or their whereabouts").  "[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts."  *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).  "[T]he scope of discovery includes any information reasonably calculated to lead to the discovery of a judgment debtor's assets."  *Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*, 2016 WL 6208288, at *4 (S.D.N.Y. Oct. 18, 2016).  "If the judgment debtor or third party does not respond to discovery demands, a plaintiff is entitled to move for an order compelling a response, as permitted under Rules 5(b), 30(a), and 37, after a good faith attempt to confer with the party failing to comply."  *Id.*  If the judgment debtor fails to comply with the order, she can be held in contempt.  *See Benthos Master Fund, Ltd. v. Etra*, 2022 WL 17819592 (S.D.N.Y. Dec. 20, 2022), *modified*, 2023 WL 4350594 (S.D.N.Y. July 5, 2023).

The Court directed Defendant to respond to the motion to compel by December 27, 2023.  Dkt. No. 129.  Yet Defendant has not done so.  The Court held hearings on Plaintiff's motion to compel on January 12 and January 30, 2024.  Defendant failed to appear through counsel at

2

either hearing. Consequently, Plaintiff's motion is unopposed. It is also undisputed that Plaintiff properly served the Subpoena on Defendant and that Defendant has not responded to the Subpoena. Finally, the time for objections to the Subpoena has run.

Plaintiff's motion to compel, Dkt. No. 128, is therefore GRANTED. Defendant is hereby ORDERED to respond to the Subpoena by February 20, 2024. Failure to comply with this Memorandum and Order may result in contempt sanctions.

SO ORDERED.

Dated: January 30, 2024
      New York, New York

                                      LEWIS J. LIMAN
                               United States District Judge